DMB:MSA/SDD
F.#2011R000783

```
                                          FILED
                                    IN CLERK'S OFFICE
                                 U.S. DISTRICT COURT E.D.N.Y.

                                  ★  NOV 21 2011  ★

                                    BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -                     Cr. No. 11-623 (JG)

AGRON HASBAJRAMI,

       Defendant.

- - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER**
**PERTAINING TO UNCLASSIFIED INFORMATION**

UPON application of the Government, and with consent of the defense:

1. WHEREAS, pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Government has designated certain unclassified discovery materials it has produced or will produce to the defendant and his counsel of record[1] as "sensitive discovery materials";

2. WHEREAS, discovery materials not designated by the Government as sensitive discovery materials shall be treated as general discovery materials and shall not be subject to the restrictions set forth in this Order, except as set forth in paragraphs 5-6 below, which apply to all discovery materials;

---

[1] Counsel of record means Nancy Lee Ennis, Esq., and Peter Quijano, Esq.

3. WHEREAS sensitive discovery materials are defined as:

(a) any and all electronic media, such as images, video and audio recordings of the defendant and/or third parties, and hard copy printouts or transcripts thereof, contained on the defendant's laptop computer, any and all other of the defendant's electronic media storage devices, including cellular telephones, that the Government has produced, or will produce, in discovery in connection with the above-referenced case;

(b) reports and summaries of the defendant's post-arrest statements to the Federal Bureau of Investigation;

(c) copies of electronic communications;

(d) copies of money transfer records obtained from Western Union and Moneygram;

(e) any other materials provided in discovery and marked "sensitive discovery materials;"

(f) sensitive discovery materials do not include hard copy printouts of text contained in electronic documents, or other hard copy documents produced in discovery, except for those set forth above in paragraphs 3(a)-(c), unless subsequently clearly designated as sensitive discovery materials by the Government;

4. IT IS HEREBY ORDERED that sensitive discovery materials shall not be further disseminated[2] by the defendant or his counsel to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii)

---

[2] "Disseminated" means to provide a copy of the particular piece of discovery, or excerpts or quotations from it.

-2-

experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided directly to the Court ex parte and under seal and no dissemination to such experts shall be made until approved by the Court. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record. In addition, counsel of record for the defendant, any co-counsel, and any defense investigator may show (but not provide copies of) any of such sensitive discovery materials to witnesses, potential witnesses or persons whose information may lead to identifying and locating witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case;

5. IT IS FURTHER ORDERED that none of the discovery materials produced by the Government to the defense shall be disseminated to, or discussed with, the media by the defense;

6. IT IS FURTHER ORDERED that none of the discovery materials produced by the Government to the defense shall be disseminated to, or discussed with, the media by the Government;

7. IT IS FURTHER ORDERED that any papers to be served upon the Court by either party that include sensitive discovery

materials or refer to the contents of sensitive discovery materials shall be filed under seal;

    8.   IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall also be filed under seal;

    9.   IT IS FURTHER ORDERED that, with respect to all sensitive discovery material, within 60 days after the end of this matter (as defined below), the defendant and defense counsel shall return to the Government the sensitive discovery material, and all copies of such material which the defendant or defense counsel have received or caused to be made, except that:

>   (a) in the event that a person who has been provided with such material by defense counsel fails or refuses to return same upon request, defense counsel shall within 15 days of such failure or refusal notify the Government of same;
>
>   (b) defense counsel may notify the Government of any such material which would reveal attorney-client privileged communications or attorney work-product;
>
>   (c) upon request of the Government, defense counsel shall apply to the Court for a ruling on whether said material may be retained by defense counsel;
>
>   (d) there shall be no disclosure to the Government of any material which the Court rules defense counsel may retain as attorney-client privileged or workproduct, pursuant to paragraph 9(c);
>
>   (e) defense counsel may file with the Court under seal one complete set of sensitive discovery material and such sealed material may be released to defense counsel or the Government upon application to the Court based on a showing of good cause, except that material ruled

to be attorney-client privileged or work product shall not be released to the Government; and

(f) with regard to copies of sensitive discovery material that are stored on defense counsel's desktop or laptop computers, or other electronic media equipment or devices (such as cell phones capable of receiving emails), defense counsel may certify to the Government that such material has been deleted[3] from such electronic media equipment or devices and that defense counsel will not retrieve such material even if such material is retrievable in spite of such deletion.

10. IT IS FURTHER ORDERED that, with respect to the preceding paragraph, the "end of this matter" is defined as the latest of the following events:

(a) entry of judgment in this case in the District Court, and if there is a conviction, then the completion of any direct appeals (including applications to the United States Supreme Court) or the expiration of the time for same; plus one year or such additional time as may be permitted for post-conviction proceedings;

(b) final resolution (including completion of any court proceedings or appeals, or expiration of the time for same) of any claims relating to this case (such as malpractice, lawyer misconduct or disciplinary claims, or claims of unauthorized disclosure of classified material) which are pending against defense counsel as of the expiration of the time period specified in subparagraph (a), above; and

(c) payment of, or other final action on, CJA vouchers submitted by defense counsel and non-lawyers such as interpreters, investigators and experts.

11. IT IS FURTHER ORDERED that nothing in this Order shall

---

[3] Defense counsel shall make reasonable efforts to permanently delete sensitive discovery material from all electronic media storage devices.

preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material, and this Order is issued without prejudice to any such application;

    12. IT IS FURTHER ORDERED that nothing in this Order shall preclude the defense from seeking to change the category of particular items of discovery or otherwise modify this protective order as to particular items of discovery, and this Order is issued without prejudice to any such application; and

    13. FINALLY, IT IS FURTHER ORDERED that nothing in this Order shall alter or control the handling of any classified materials pursuant to the Classified Information Procedures Act.

Dated:    Brooklyn, New York
           November 16, 2011

SO ORDERED:

s/John Gleeson
_____
HONORABLE JOHN GLEESON
United States District Judge
Eastern District of New York