

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DSS:CAS/SDD
F. #2011R00783

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 22, 2014

<u>By Hand and ECF</u>

Steve Zissou
Zissou & Associates
42-40 Bell Boulevard, Suite 312
Bayside, NY 11361

Michael K. Bachrach
276 Fifth Avenue
Suite 501
New York, NY 10001

        Re:    United States v. Agron Hasbajrami
                  Criminal Docket No. 11-623 (S1)(JG)

                  Agron Hasbajrami v. United States
                  <u>Civil Docket No. 13-6852 (JG)</u>

Dear Messrs. Zissou and Bachrach:

        The government writes to respond to your letter dated April 25, 2014, in which you request various discovery materials related to surveillance of the defendant/petitioner in the above-referenced matters pursuant to the Foreign Intelligence Surveillance Act ("FISA") and the FISA Amendments Act of 2008 ("FAA"). You assert that the information requested is "necessary and essential to determine" whether government surveillance "violated the defendant's Constitutional rights under the Fourth Amendment and/or in any other way undermined the knowing and voluntary nature of Mr. Hasbajrami's guilty plea." (Apr. 25, 2014 Ltr., Dkt. #67).

        As stated in the government's February 24, 2014 Supplemental Notification (the "Supplemental Notification"), notice was provided to the defendant based on a "recent determination by the government that certain evidence or information obtained or derived from Title I and Title III collection in the petitioner's criminal case was itself also derived from other collection pursuant to Title VII of FISA as to which the petitioner was aggrieved." As the government previously explained, the Supplemental Notification does not afford the defendant a basis to withdraw his plea or otherwise attack his conviction because he expressly waived that

right, as well as his right to any additional disclosures from the government, in his plea agreement.

In the government's view, the defendant's guilty plea extinguished any claims relating to the deprivation of rights prior to the entry of the plea.  See Tollet v. Henderson, 411 U.S. 258, 267 (1971); see also United States v. Gregg, 463 F.3d 160, 164 (2d. Cir. 2006).  As one court in this circuit has explained, "A counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. . . . A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."  Lugo v. Artus, No. 05 Civ.  1998, 2008 WL 312298, at *3 (S.D.N.Y. Jan. 31, 2008).

A habeas petitioner, such as the defendant in this case, who has pled guilty to criminal charges "is not entitled to the vacating of his conviction on the basis of claimed antecedent constitutional infirmities . . . even assuming there is some factual basis for these allegations."  Amparo v. Henderson, No. 86 Civ. 4310, 1989 WL 126831, at *1-2 (E.D.N.Y. Oct. 18, 1989); cf. Stone v. Powell, 428 U.S. 465 (1976).   Moreover, it is well-settled that a defendant is not entitled to disclosure of all information in the possession of the government prior to the entry of a guilty plea.  See United States v. Ruiz, 536 U.S. 622, 630 (2002).

In his plea agreement with the government, your client expressly waived his right to additional disclosures, or to appeal or collaterally attack a sentence of fifteen years' imprisonment or less.  Such waivers have been upheld by the Second Circuit.  See, e.g., United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008) ("As we have previously recognized, '[i]t is . . . well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable.") (citation omitted).  Indeed, the Second Circuit has specifically held enforceable waivers of the right to appeal or challenge by collateral attack post-plea claims of Fourth Amendment violations.  See, e.g., Czernicki v. United States, 270 F. Supp. 2d 391, 393 (S.D.N.Y. 2003); Rosa v. United States, 170 F. Supp. 2d 388, 409 (S.D.N.Y. 2001).

Contrary to the assertion in your April 25, 2014 letter, the Supplemental Notification did not "contradict [any] representations made during the petitioner's pre-plea proceedings."  At the outset of the defendant's criminal prosecution, and pursuant to its obligations under Title 50, United States Code, Sections 1806(c) and 1825(d), the government notified the defendant, as an "aggrieved person," of its intent "to offer into evidence, or otherwise use or disclose" information that was "obtained or derived from [FISA authorized]" electronic surveillance and physical searches.  (See Notice of Intent to Use Foreign Intelligence Surveillance Act Information, Sep. 13, 2011, Dkt. #21).  The government then produced to the defendant the entirety of the actual FISA-obtained evidence on which it intended to rely at trial.  The defendant chose not to seek to suppress any evidence, including any FISA-obtained or derived evidence, and instead pleaded guilty pursuant to a plea agreement, before motion practice had commenced and well in advance of the trial date.

Moreover, to satisfy the Court that it should accept the defendant's plea, the government filed a letter explaining that the plea was an efficient resolution of the case because it balanced the burden of complex litigation involving classified information against the seriousness of the defendant's conduct and the benefit of an assured conviction. (See Nov. 21, 2012 Ltr., Dkt. # 265). The defendant knowingly and voluntarily accepted the benefit of the plea bargain, which capped his statutory sentencing exposure at 15 years' imprisonment (which he received) as opposed to up to 60 years' imprisonment based on the charges in the indictment at the time of the plea. Indeed, in sentencing the defendant to 15 years -- the statutory maximum -- the Court strongly suggested that the defendant derived a substantial benefit from the sentencing cap in the negotiated resolution.

After the defendant's plea and sentencing hearing, the government determined that information obtained or derived from Title I or Title III FISA collection (of which the defendant was expressly notified) could also, in particular cases, be itself derived from prior collection pursuant to the FAA, such that notice under all three provisions, Title I, III and VII should be given. However, this analysis does not alter the fact that the defendant could have challenged the admissibility of FISA-obtained evidence in his case, but chose not to. Indeed, Hasbajrami could have pursued a challenge of the FAA itself based on the original notice, as others have done during FISA suppression litigation in this district. (See United States v. Mohammed Zazi, 10 CR 60 (RJD) (Doc #62, Def. Mot. To Sup. FISA-Derived Evidence, at 17-18).

Finally, not only did the defendant's guilty plea extinguish his right to further discovery, under the circumstances presented here, the defendant cannot establish that he is lawfully entitled to the production of the FISA-related discovery materials at issue. Under the FISA statute, discovery of FISA-related materials is controlled by the procedures outlined in Title 50, United States Code, Section 1806. Section 1806 requires the Court to conduct an ex parte and in camera review of any materials related to Title I, III or VII FISA collection if the Attorney General files a declaration stating that disclosure of such materials or an adversary hearing would harm the national security of the United States. See 50 U.S.C. §§ 1806(f) and 1881(e)a. In turn, the Court may only order disclosure of FISA-related materials if, after its in camera, ex parte review, the Court determines that disclosure of the FISA-related materials, or portions thereof, is necessary for the Court to make an accurate determination of the legality of the FISA collection. See id.

Thus, there is no basis to provide the classified discovery materials you request. If the Court were to conclude that the defendant had not waived his right to discovery of classified FISA materials in this case, the government would seek to proceed under Section 1806

and expect the Attorney General to invoke a claim of privilege as appropriate.  Please contact me at the number below if you would like to discuss this matter further.

                    Very truly yours,

            By:    /s/ Seth D. DuCharme
                  Matthew S. Amatruda
                  Seth D. DuCharme
                  Assistant U.S. Attorneys
                  (718) 254-7012/6021

cc:  Clerk of Court (JG)

4