SDD:SK
F.#2011R00783

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA                    [PROPOSED] ORDER

   - against -                              No. 11-CR-623 (S-1) (JG)

AGRON HASBAJRAMI,

     Defendant.

– – – – – – – – – – – – – – – – – X

### [PROPOSED] PROTECTIVE ORDER PURSTANT TO SECTION 4
### OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND
### RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

This action is before the Court on the government's ex parte application for a protective order pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, seeking to withhold from discovery certain classified materials ("the materials") filed on January 9, 2015 ("the application"). After ex parte, in camera inspection and consideration of the application and the accompanying exhibits, the Court finds, pursuant to Section 4 of CIPA and Rule 16(d)(1), that the government's application contains classified information that requires protection against unauthorized disclosure for reasons of national security. Specifically, the Court finds that disclosure of the classified materials to the defense, or to the public, reasonably could be expected to cause serious damage to the national security.

The First Amendment right of access to court documents may be curtailed in favor of a compelling government interest provided that the limitation on access is "narrowly tailored to

serve that interest."  Globe Newspaper Co. v. Superior Ct., 457 U.S. 596, 606-7 (1982); see also

Press-Enterprise Co. v. Superior Ct., 464 U.S. 501, 510 (1984) ("The presumption of openness

may be overcome only by an overriding interest based on findings that closure is essential to

preserve higher values and is narrowly tailored to serve that interest."); Nixon v. Warner

Commc'ns, Inc., 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by

an important competing interest).  Here, the Court finds that the government's interest in

protecting national security and preventing the unnecessary dissemination of classified

information outweighs the defendants' and/or public's right of access to these materials.  See

Haig v. Agee, 453 U.S. 280, 307 (1981) ("[N]o governmental interest is more compelling than the

security of the Nation."); Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) ("The

Government has a compelling interest in protecting both the secrecy of information important to

our national security and the appearance of confidentiality so essential to the effective operation

of our foreign intelligence service.").

WHEREAS the government, in its motion and application, seeks a protective order

against disclosure of certain classified information to the defense because that information is not

discoverable under applicable law or is not helpful or material to the defense;

WHEREAS the Court finds that disclosure of the motion or accompanying

materials to the defense or the public would defeat the government's purpose in seeking a

protective order;

WHEREAS the Court further finds that the government's application is so

interrelated with classified information as to make impracticable the filing of meaningful redacted

materials that do not divulge classified information, and that no reasonable alternative to closure

and sealing exists that will protect the government's interest in preventing the unauthorized dissemination of this information;

WHEREAS this sealing order is drawn as narrowly as possible under the circumstances;

WHEREAS the government has properly invoked the states secret privilege with respect to the materials pursuant to United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008) (holding that the privilege must be "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer" (internal quotation marks omitted));

WHEREAS the Court has determined that the classified materials to be withheld are not "helpful or material to the defense," see United States v. Stewart, 590 F.3d 93, 131 (2d Cir. 2009);

WHEREAS the Court finds that the classified information sought to be excluded from discovery is either not discoverable under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensure after disclosure; and

WHEREAS the Court finds that the government's proposed summary substitutions of certain classified material adequately inform the defense of information that arguably may be helpful or material to the defense, in satisfaction of the government's discovery obligations; it is hereby

ORDERED that the government's application for a protective order to withhold certain classified materials from discovery is granted; and it is further

ORDERED that the government's proposed summary substitutions of certain classified documents that were made available to the Court are sufficient to comply with the government's discovery obligations; and it is further

ORDERED that the government's request to file its application ex parte and under seal is granted because disclosure of the contents of the application to the defendants or the public would compromise the government's compelling interest in protecting national security and would defeat the purpose of the protective order.  See United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010).

Brooklyn, New York
_____, 2015

SO ORDERED.

_____
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE