UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
UNITED STATES OF AMERICA,                              :
:
:
:
    – against –                                        :   11 Cr. 623 (JG)
                                                       :   (Filed Electronically)
AGRON HASBAJRAMI,                                      :
:
            Defendant.                                 :
:
-------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AGRON
HASBAJRAMI'S MOTION TO RELEASE UNREDACTED VERSION
OF OPINION ISSUED BY THE HONORABLE JOHN GLEESON**


JOSHUA L. DRATEL
Joshua L. Dratel, P.C.
29 Broadway, Suite 1412
New York, New York 10006

MICHAEL BACHRACH
276 Fifth Avenue
Suite 501
New York, NY 10001

STEVE ZISSOU
Steve Zissou & Associates
42-40 Bell Blvd., Suite 302
Bayside, NY 11361

*Attorneys for Defendant Agron Hasbajrami*

## TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

THE COURT SHOULD ORDER DISCLOSURE
OF THE REDACTED PASSAGES OF THE
<u>OPINION TO CLEARED DEFENSE COUNSEL</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Introduction

This Reply Memorandum of Law is submitted on behalf of defendant Agron Hasbajrami in response to the government's Memorandum of Law in opposition (hereinafter "Gov't Memo") (Docket #169) to his motion to unredact for security-cleared defense counsel those redacted portions of the opinion by Judge John Gleeson denying Mr. Hasbajrami's motion to suppress evidence. Docket #165.

Much of the Gov't Memo does not require rejoinder, as it was anticipated and addressed in Mr. Hasbajrami's initial Memo of Law (Docket #168).

ARGUMENT

**THE COURT SHOULD ORDER DISCLOSURE
OF THE REDACTED PASSAGES OF THE
<u>OPINION TO CLEARED DEFENSE COUNSEL</u>**

In its opposition, the government relies on several assertions – repeated throughout – that simply are not accurate. For example, Judge Gleeson did *not* previously decide this motion. Rather, the redactions were made on an entirely unilateral basis, without any participation by or input from the defense.[1]

This motion therefore represents the first time these issues have been presented in an adversarial context, with any contribution from or objection by the defense.[2] While the government would dispense with the adversary process altogether – with, as noted below, at 4,

---

[1] In the peculiar context of this motion, while of course Mr. Hasbajrami is the defendant, and the party whose interests are at stake, "the defense" refers specifically to only his defense counsel who possess security clearances authorizing them to review classified information.

[2] Nor was there an opportunity to raise this issue before Judge Gleeson, who retired from the bench a week before the redacted opinion was docketed.

predictable results – the merits of the adversary process, as well as its constitutional imperative, do not require discussion.

Indeed, the importance of the adversary process, and defense access to the redacted portions of Judge Gleeson's opinion, are accentuated in this case, in which Mr. Hasbajrami was permitted to withdraw his guilty plea solely because of prior, deliberate government non-disclosure of classified information that was material to Mr. Hasbajrami's defense and his ultimate decision to plead guilty.

In his opinion granting Mr. Hasbajrami's motion to withdraw his initial guilty plea, Judge Gleeson concluded that "[w]hen the government provided [Foreign Intelligence Surveillance Act ("FISA")] notice without [FISA Amendments Act] notice, Hasbajrami was misled about an important aspect of his case" – a misrepresentation that was the consequence of "a DOJ policy that transcended this case." Order, dated, October 2, 2014, at 6 [Docket #85]).

As a result, the intentionally misleading FISA notice the government initially filed in this case, which not only affirmatively misled Mr. Hasbajrami, but also presented a fraud upon defense counsel and the Court, provides a compelling basis to view any *ex parte* government claims with significant suspicion in this case. *See DiSimone v. Phillips,* 461 F.3d 181, 195 (2d Cir. 2006) (observing, while noting that defense counsel, not the prosecutor, was the proper judge of the reliability of exculpatory information, that "to allow otherwise would be to appoint the fox as henhouse guard").

Conveniently, in its detailed recitation of this case's factual and procedural history, the government omitted that critical component of the case, which constitutes the very reason why the parties were back in court for the withdrawal of Mr. Hasbajrami's guilty plea, his suppression

motions, his second guilty plea, his re-sentencing, and, ultimately, Judge Gleeson's opinion that is the subject of this motion. The government's persistent failure to acknowledge its material non-disclosure makes continued redaction of the opinion here even more inappropriate.

In that context, the government repeatedly fails – in its argument as well as the authority it cites – to distinguish *public* release of the redacted portions from providing *security-cleared defense counsel* access to that material. Here, all Mr. Hasbajrami seeks is the latter. Thus, the dangers of dissemination beyond to those already authorized to review classified information simply do not exist, and the government's contentions with respect to national security serve as a red herring.

Nor can the government cite any provision of FISA, or of the Classified Information Procedures Act (hereinafter "CIPA"), which regulates the use of classified information in criminal prosecutions, that permits withholding from security-cleared defense counsel portions of a court's opinion – as opposed to *discovery*.

In fact, here the government consistently conflates discovery, which even pursuant to Rule 16(d)(1), Fed.R.Crim.P., is subject to certain restrictions, with a Court's opinion justifying its ruling. As a result, Section 4 of CIPA [which was patterned after Rule 16(d)(1)], cited by the government at 12, which applies to the government's production of classified discovery, is not relevant here.

Moreover, even pursuant to CIPA jurisprudence, access by security-cleared counsel to the redacted portions would be essential. As the Second Circuit – in cases cited by the government – has observed, "[i]nformation that is helpful or material to the defense 'need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland* . . . to disclose

exculpatory information.'" *United States v. Abu-Jihaad*, 630 F.3d 102, 141 n.33 (2d Cir. 2010), *quoting United States v. Aref,* 533 F.3d 72, 80 (2d Cir. 2008), *and citing United States v. Mejia*, 448 F.3d 436, 457 (D.C.Cir. 2006) (observing that, for purposes of the analogous provisions of the CIPA, "information can be helpful without being 'favorable' in the Brady sense").

In that regard, how can any part of a court's opinion upon which an appellate court could rely not be relevant, and helpful and/or material to the defense? The answer is self-evident. The same is true with respect to the "need to know," discussed by the government at 14-15. What could counsel in an appeal be in more of a "need to know" than the contents of the lower court's opinion? That veritably defines "need to know."

Otherwise, why bother with an appeal, or with counsel, altogether? Indeed, if the government were correct, all defense counsel security clearances would be meaningless, and the adversarial process, as well as the constitutional protections it safeguards, an empty myth.

The government's reference, at 10, to FISA's perfect record with respect to constitutional challenges only proves the point. When one party – here, the government – enjoys complete and unilateral control of the contents of the facts and the even much of the law created in the Foreign Intelligence Surveillance Court, is it any wonder that that party – the government – has prevailed each and every time?

Thus, FISA's perfect record does not justify *ex parte* proceedings and opinions; rather, that record exists *precisely because* of their *ex parte* character. Such a system does not provide Due Process, or even approach it. If a U.S. citizen in another country were subject to it, would be

4

the subject of bipartisan nationwide opprobrium.[3] Here, it is intolerable as a matter of fairness, justice, and due process.

### Conclusion

Accordingly, for all the reasons set forth above, as well as in Mr. Hasbajrami's initial Memo of Law, it is respectfully submitted that his motion to provide his security-cleared counsel access to the redacted portions of the Opinion be granted.

Dated: 6 September 2016
      New York, New York

                                   Respectfully submitted,

                                   /S/ Joshua L. Dratel
                                  JOSHUA L. DRATEL
                                  JOSHUA L. DRATEL, P.C.
                                  29 Broadway, Suite 1412
                                  New York, New York 10006
                                  (212) 732-0707

                                  MICHAEL K. BACHRACH
                                  276 Fifth Avenue
                                  Suite 501
                                  New York, NY 10001

                                  STEVE ZISSOU

---

[3] Regarding the *ex parte* proceedings in the Foreign Intelligence Surveillance Court, *The New York Times* reported that Geoffrey R. Stone, professor of constitutional law (and later interim dean) at the University of Chicago, and subsequently appointed by President Obama in 2013 to serve on The President's Review Group on Intelligence and Communications Technologies, "said he was troubled by the idea that the court is creating a significant body of law without hearing from anyone outside the government, forgoing the adversarial system that is a staple of the American justice system. 'That whole notion is missing in this process,' he said." Eric Lichtblau, "In Secret, Court Vastly Broadens Powers of N.S.A.," *The New York Times*, July 6, 2013, available at <http://www.nytimes.com/2013/07/07/us/in-secret-court-vastly-broadens-powers-of-nsa.html?pagewanted=all>.

                                        Steve Zissou & Associates
                                        42-40 Bell Blvd., Suite 302
                                        Bayside, NY 11361

                                        *Attorneys for Defendant Agron Hasbajrami*

– Of Counsel –

Joshua L. Dratel
Michael K. Bachrach