UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                   :
                                            :
                       Plaintiff,           :
                                            :
         -against-                          :
                                            :   **SUMMARY ORDER**
AGRON HASBAJRAMI,                           :   11-CR-623 (DLI)
                                            :
                       Defendant.           :
------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

On April 17, 2017, Defendant Agron Hasbajrami ("Defendant") filed a letter seeking reconsideration of this Court's April 6, 2017 Memorandum and Order ("M & O") denying Defendant's motion to grant his counsel access to the redacted portions of the Honorable John Gleeson's February 18, 2016 decision denying Defendant's motion to suppress intercepted electronic communications. (*See* Defendant's Letter for Reconsideration ("Def. Ltr."), Dkt. Entry No. 172.) Per the Court's instruction, the government responded on May 1, 2017. (*See* Response to Defendant's Letter ("Gov. Resp."), Dkt. Entry No. 173.)

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992)). "[A] motion for reconsideration is not an opportunity for litigants to reargue

their previous positions or present new or alternative theories that they failed to set forth in connection with the underlying motion." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp.2d 261, 287 (E.D.N.Y. 2013) (internal citations omitted).

Defendant has not met the standard for granting a motion for reconsideration. Defendant moves for reconsideration under the disingenuous guise of seeking "clarification" as to the nature of the redacted information considered by Judge Gleeson. Defendant merely restates his earlier arguments rejected by both Judge Gleeson and this Court, without citation of any new authority or any facts or case law the Court did not consider. This Court already has considered the precise questions presented in Defendant's Letter, and determined that neither the Classified Information Procedures Act ("CIPA") nor the Foreign Intelligence Surveillance Act ("FISA") compels or allows disclosure of an unredacted copy of Judge Gleeson's opinion.

Under FISA, this Court determined that Defendant's counsel was not entitled to an unredacted copy of Judge Gleeson's opinion "because releasing it would reveal classified foreign intelligence information and circumvent FISA by undermining the purpose of section 1806(f)." (M & O at 6.) Further, the Court found that "FISA does not mandate disclosure in order to help defendants make an appeal." (*Id.* at 7.)

This Court held that "CIPA does not compel or regulate the discovery of classified information contained in a court's written opinion." (*Id.* at 11.) The Court noted that, "[b]ecause Judge Gleeson conducted his review of the classified materials by relying on FISA, the Court holds that FISA determines whether or not Defendant's attorneys have a 'need-to-know' the contents of the Unredacted Opinion." (*Id*. at 12). This Court concluded that, "[a]pplying FISA, defense counsel do not have a 'need-to-know' the contents of the Unredacted Opinion" and found that

2

"[t]he redacted content neither facilitates countering the government's case nor bolsters a defense."

(*Id.* at 13.)

Accordingly, Defendant's letter seeking reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      August 22, 2017

                                    /s/
                            DORA L. IRIZARRY
                                Chief Judge