LAW OFFICE OF
# MICHAEL K. BACHRACH
224 WEST 30TH STREET, SUITE 302
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *  
* admitted in N.Y., MN and D.C.

http://www.mbachlaw.com  
michael@mbachlaw.com

March 15, 2021

**By ECF and by email**

The Honorable Dora L. Irizarry
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    *Re: United States v. Agron Hasbajrami,*
>    *11 Cr. 623 (DLI)*

Dear Judge Irizarry:

  We write in response to Mr. Hasbajrami's *pro se* letter filed, March 8, 2021. Although Mr. Hasbajrami appears to misunderstand the specifics of the Second Circuit's Order remanding the case for further proceedings, he is correct that a remand for further adjudication was ordered.

  To clarify, Mr. Hasbajrami's appeal of his criminal conviction related to evidence "derived from information obtained by the government without a warrant pursuant to its electronic surveillance program under Section 702 of the FISA Amendments Act of 2008." United States v. Hasbajrami, Docket Nos. 15-2684 (L), 17-2669 (Con), Slip Opinion (2d Cir. December 18, 2019) (2d Cir. Doc. No. 245-1), at 1. The Second Circuit concluded that while the program itself was constitutional *per se*, "there is still an open issue as to what queries of Section 702-acquired information occurred in this case, whether any such queries were reasonable and, if unreasonable, whether the queried information tainted the application before the FISC [i.e., Foreign Intelligence Surveillance Court] or in some other way would lead to the suppression of any evidence." Hasbajrami, Slip Op. at 79.

  In turn, the Second Circuit directed this Court:

> to decide in the first instance, based on its factual findings, whether there was a constitutional violation in this particular case, and what (if any) evidence would need to be suppressed if there was indeed a violation. Similarly, we leave it to the district court to determine, in the first instance, whether any exceptions to the exclusionary rule, such as a good faith exception, might apply to this case. Finally, we leave it to the district court to determine, if any evidence should have been suppressed, whether the failure to suppress that evidence was

> harmless, and if it was not what remedy is appropriate…. To the extent that any decisions must be made about what information is to be presented to appropriated-cleared defense-counsel, such decisions too are best left to the district court after it becomes clear what the inquiry about querying will involve.

Hasbajrami, Slip Op. at 87-88 (footnotes omitted).

The Second Circuit's proceedings did not conclude until March 18, 2020, when the Government's motion for *ex parte* disclosure of the unredacted copy of its December 18, 2019 opinion was decided and the mandate issued. As this Court is aware, by March 18, 2020, the onset of the COVID-19 pandemic had already resulted in the virtual closure of the Eastern District Courthouse – with few exception all in-person proceedings were postponed and/or converted to remote appearance, and these restrictions have continued for the most part over the past year including to this day. Mr. Hasbajrami likely does not appreciate the impact such closures have had on the ability of this Court or the parties to comply with the Second Circuit's remand order, particularly given that the issues on remand involve a review of classified information and classified information may not be reviewed or discussed remotely.

Accordingly, with all of the above in mind, the undersigned respectfully request that this Court schedule a court conference, either in-person once permissible or remotely by telephone, so that the parties and the Court may discuss the parameters on how best to proceed.

As always, we thank Your Honor for your time and consideration.

Respectfully submitted,

Michael K. Bachrach
Joshua L. Dratel
Steve Zissou
*Attorneys for Defendant Agron Hasbajrami*

cc: Acting U.S. Attorney Seth D. DuCharme (by ECF and by email)
AUSA Saritha Komatireddy (by ECF and by email)
AUSA David K. Kessler (by ECF and by email)